OPINION
PER CURIAM.
The appellant, Angelo Clark, is a Delaware state prisoner who, at all times relevant to this appeal, was housed at the Delaware Correctional Center (“DCC”).[1] On July 31, 2006, Clark filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Delaware against Correctional Medical Systems, the medical care provider at the DCC.[2] In the complaint, Clark claimed *269 that the defendant had violated his Eighth Amendment rights by providing inadequate medical care. Clark later amended his complaint to allege that the defendant had improperly treated his heart condition, wrongfully prescribed certain medications, and generally misdiagnosed him. He also alleged that he had contracted Hepatitis C from nurses who worked for the defendant.
Following discovery, both parties moved for summary judgment. In support of his motion, Clai’k submitted an “affidavit brief’ in which he stated that the defendant “not only violate[d his] 8th Amendment due process as a human being, [but] they tortured [his] body and soul with Zyprexa, Trassadone, Trilladon, and etc.,” which turned him into “a mad dog with no brain.” (Affidavit/Brief in Support of Summary Judgment 1.) In further support of his motion, Clark attached a copy of his “patient medication education record,” which listed his medications. On the chart, Clark noted that several of these medications made his “brain bleed,” that he was given “rat poison,” and that he never experienced seizures or heart problems until “they experimented on [him] like [he] was their personal experiment!” (Motion for Summary Judgment, Exh. I.) Clark also provided a “Schizophrenia Fact Sheet” defining his illness, and several other medical records, the significance of which is unclear.[3]
For its part, the defendant argued that Clark could not establish that the defendant had been deliberately indifferent to his serious medical needs because the record demonstrated that he received frequent and adequate medical care during the relevant period. See Estelle v. Gamble, 429 U.S. 97, 103-05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The defendant further argued that, even if Clark could somehow show that the defendant had been reckless or indifferent to his serious medical needs, he would nonetheless be unable to prevail on his Eighth Amendment claim because he could not demonstrate that the defendant had a policy or custom of deliberate indifference to prisoners’ serious medical needs. See Natale v. Camden County Correctional Facility, 318 F.3d 575, 584 (3d Cir.2003). In support of its motion, the defendant submitted medical records indicating that Clark received regular psychiatric treatment from February 2006 though July 2007, as well as a substantial amount of care for his other medical conditions.
By order entered December 22, 2008, the District Court granted the defendant’s motion, denied Clark’s, and entered judgment in favor of the defendant. This appeal followed.[4]
Upon review, it appears that the District Court properly entered summary judgment in favor of the defendant because, even assuming that the defendant’s actions rose to the level of deliberate indifference, Clark failed to allege facts or present evidence creating a genuine issue of fact as to whether a “ ‘policy or custom’ of the [defendant] was the ‘moving force’ behind a violation of his Eighth Amendment rights.” Grayson v. Mayview State Hospital, 293 F.3d 103, 107 (3d Cir.2002) (citing Bd. of County Comm’rs of Bryan County v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); see also Natale v. *270 Camden County Corr. Facility, 318 F.3d 575, 584 (3d Cir.2003)) (explaining that, in order to hold a corporation under contract with the state liable under § 1983, a prisoner “must provide evidence that there was a relevant [state] policy or custom, and that the policy caused the constitutional violation [the prisoner] allege[d]”).
Accordingly, we will summarily affirm the District Court’s order. See Third Cir. LAR 27.4 and I.O.P. 10.6. Clark’s motions for an injunction and appointment of counsel are denied.

. In January 2007, Clark was admitted to the Delaware Psychiatric Center ("DPC”). He remained there under psychiatric care for several months. In June 2007, he was returned to the DCC, where he was housed in the Security Housing Unit and monitored by medical staff. In April 2008, he was transferred back to the DPC, where he is currently housed.

. In his initial complaint, Clark named as defendants Regional Medical First Correctional, Correctional Medical Systems, Regional Manager Robert M. Hooper, and Manager Angela Wilson. By order entered December 19, 2006, the District Court dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to all defendants except Correctional Medical Systems. See 28 U.S.C. § 1915(e)(2)(B)(ii) (providing that the district court shall dismiss the complaint of a prisoner proceeding in forma pauperis if the court determines that the action fails to state a claim on which relief may be granted). Although Clark subsequently amended his *269 complaint on more than one occasion, he did not name any other defendants. To the extent that Clark now challenges the District Court’s order dismissing the three defendants noted above from the case, we conclude that, for the reasons given by the court, such dismissal was proper.

. Clark also attached a document indicating that he filed a grievance with the Medical Grievance Committee.

. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.